IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| NICHOLAS HENDRICKS,<br><br>　　　　Plaintiff,<br>v.<br><br>CORDIS CORPORATION, a corporation; and<br>CARDINAL HEALTH 105, INC., a corporation,<br><br>　　　　Defendants. | Case No. 5:18-cv-01388<br><br>*Removed from the Circuit Court of*<br>*Raleigh County, West Virginia*<br>*Beckley Division* |

NOTICE OF REMOVAL OF ACTION PURSUANT
TO §§ 1332, 1441, AND 1446 BY DEFENDANTS
<u>CORDIS CORPORATION AND CARDINAL HEALTH 105, INC.</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

　　Please take notice that defendants Cordis Corporation ("Cordis") and Cardinal Health 105, Inc. ("Cardinal Health 105") (collectively, "Defendants") hereby remove this action to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 with full reservation of any and all defenses and objections. Defendants are filing this Notice of Removal as a protective measure, and in doing so do not waive, and are expressly preserving, their right to assert all available defenses under Fed. R. Civ. P. 12 in their first responsive pleadings, including a motion under Rule 12(b)(5) and (6).

　　In support of this notice, Defendants respectfully submit as follows:

1. On September 21, 2018, plaintiff Nicholas Hendricks filed a complaint against Cordis and Cardinal Health 105 in the Circuit Court of Raleigh County, West Virginia, Civil Action No. 18-C-415-B.

2. The West Virginia Secretary of State purports to have accepted service on behalf of Defendant Cordis on September 26, 2018. Exhibit A, attached hereto. Cordis does not concede that service on the West Virginia Secretary of State was proper in this case.[1]

3. The West Virginia Secretary of State purports to have accepted service on behalf of Defendant Cardinal Health 105, Inc. on September 26, 2018. Exhibit B, attached hereto. Cardinal Health 105 does not concede that service on the West Virginia Secretary of State was proper in this case.[2]

4. Removal is timely pursuant to 28 U.S.C. § 1446(b) because, to the extent service on Defendants was proper (which Defendants specifically deny), this Notice of Removal is being filed within 30 days of the purported date of service of the complaint on Defendants. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999); *see also* Fed. R. Civ. P. 6(a)(1)(c).

5. Pursuant to L.R. Civ. P. 3.4(a), a civil docket cover sheet is being submitted with this notice of removal and incorporated within Exhibit A.

6. Pursuant to 28 U.S.C. § 1446(a) and L.R. Civ. P. 3.4(b), a copy of all process, pleadings, and orders known to Defendants, along with the circuit court docket sheet, are incorporated within Exhibit A.

7. As shown below, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiff and each Defendant are of completely diverse citizenship, and the amount in

---

[1] As noted, Cordis does not waive, and is expressly preserving, its right to assert all available defenses under Fed. R. Civ. P. 12 in its first responsive pleading, including a motion under Rule 12(b)(5) and (6).

[2] As noted, Cardinal Health 105 does not waive, and is expressly preserving, its right to assert all available defenses under Fed. R. Civ. P. 12 in its first responsive pleading, including a motion under Rule 12(b)(5) and (6).

controversy exceeds $75,000, exclusive of costs and interest.

8. By removing the action to this Court, Defendants do not admit any of the facts alleged in the complaint, or waive any defenses, objections, or motions available to them under state or federal law. Defendants reserve the right to challenge the adequacy and viability of the complaint and process in all respects.

### REMOVAL IS PROPER UNDER THIS COURT'S DIVERSITY JURISDICTION

9. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332. An action may be removed to federal court under Section 1332 where there is complete diversity of citizenship between the parties, and where the requisite amount in controversy exists. *See* 28 U.S.C. §§ 1332(a) (diversity jurisdiction) and 1441(b) (removal based on diversity); *see also State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530-31 (1967).

**A. The Parties Are Completely Diverse**

10. Complete diversity of citizenship exists where the matter in controversy is between citizens of different states. 28 U.S.C. § 1332(a)(1). "[C]omplete diversity of citizenship—meaning a plaintiff cannot be a citizen of the same state as any defendant—is necessary for a federal court to exercise diversity jurisdiction." *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015).

11. "A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). This principal place of business is a corporation's "nerve center," or "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

12. As alleged, Hendricks is a citizen of, and resident within, the state of West Virginia. *See* Compl. ¶ 2.

13. Defendant Cordis is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in Ohio. *See id.* ¶ 3

14. Defendant Cardinal Health 105 is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in Ohio.[3] *See id* ¶ 4

15. There is thus complete diversity of citizenship between the parties.

**B. The Amount In Controversy Requirement Is Met**

16. The pleadings make plain that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

17. Plaintiff alleges bodily injuries resulting in significant expenses for medical treatment and substantial loss of earnings. *See* Compl. ¶¶ 35, 41. Plaintiff seeks damages including but not limited to plaintiff's transfer to Charleston Area Medical Center, plaintiff's second surgery, additional medical costs incurred due to plaintiff's hospitalization and second surgery, punitive damages, pre-judgment and post-judgment interest, and attorney's fees. *See* Compl. at 9 (prayer for relief).

18. "The amount in controversy is determined on the basis of the record existing at the time the petition for removal is filed." *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 936 (S.D. W. Va. 1996). "The value of the matter in controversy . . . is determined by considering the judgment that would be entered if plaintiff prevailed on the merits." *Id.* at 936-37. "A court must consider the entire record and make an independent evaluation

---

[3] Defendants aver that Cardinal Health 105, Inc. was improperly named as a defendant. Nevertheless, for purposes of this motion, because it is organized and exists under the laws of the State of Ohio, diversity jurisdiction exists even if it were properly named.

of whether the amount in controversy has been satisfied." *Moore v. Cabot Oil & Gas Corp.*, Civ. A. No. 2:06-0538, 2007 WL 1302546, at *4 (S.D. W. Va. May 2, 2007).

19. To satisfy the amount in controversy requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Furthermore, a claim for punitive damages may also be considered in determining the amount in controversy. *See, e.g.*, *Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 2d 22 (S.D. W. Va. 1994) (finding that defendant established the amount in controversy where plaintiff sought punitive damages in addition to its claim for compensatory damages which, by itself, was below the requisite amount); *see also Scales v. Norfolk S. Ry. Co.,* Civ. A. No. 2:18-cv-00372, 2018 WL 2248736, at *3 (S.D. W.Va. May 16, 2018) (finding that defendant established the amount in controversy exceeded $75,000 under the existing circumstances at the time notice of removal was filed).

20. Given the alleged damages and prayer for relief, the amount in controversy exceeds $75,000.

**C. Venue is Proper**

21. The Circuit Court of Raleigh County, West Virginia is located within the Beckley Division of the United States District Court for the Southern District of West Virginia.

**D. All Other Prerequisites To Removal Are Met**

22. Defendants consent to removal.

23. Pursuant to 28 U.S.C. § 1446(d), a copy of this notice is being served on plaintiff, and filed with the clerk of court for this Court and with the clerk of court for the Circuit Court of Raleigh County, West Virginia.

24. Defendants reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants hereby respectfully give notice that the above action, formerly pending in the Circuit Court of Raleigh County, West Virginia, is removed to the United States District Court for the Southern District of West Virginia.

Respectfully submitted,

**CORDIS CORPORATION and
CARDINAL HEALTH 105, INC.**

*/s/ Charity K. Lawrence*
Paula L. Durst, Esq. (WV State Bar #5805)
Charity K. Lawrence, Esq. (WV State Bar #10592)
James C. Walls, III, Esq. (WV State Bar # 13277)
Spilman Thomas & Battle, PLLC
P.O. Box 273
Charleston, WV 25321-0273
(304) 340-3800
(304) 340-3801 – facsimile
pdurst@spilmanlaw.com
clawrence@spilmanlaw.com
jwalls3@spilmanlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **NICHOLAS HENDRICKS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. _____ |
| ) | |
| **CORDIS CORPORATION, a corporation; and** ) | *Removed from the Circuit Court of* |
| **CARDINAL HEALTH 105, INC., a corporation,** ) | *Raleigh County, West Virginia* |
| ) | *Beckley Division* |
| **Defendants.** ) | |

### CERTIFICATE OF SERVICE

I, Charity K. Lawrence, counsel for Cordis Corporation and Cardinal Health 105, Inc., do hereby certify that I have served the foregoing **"Notice of Removal of Action Pursuant to §§ 1332, 1441, and 1446 by Defendants Cordis Corporation and Cardinal Health 105, Inc."** on this 26th day of October, 2018, upon counsel of record by depositing a true copy thereof in the United States First Class Mail, postage prepaid, and upon the following parties, by counsel, through the Court's electronic CM/ECF filing system, as follows:

Timothy P. Lupardus, Esquire
Lupardus Law Office
P.O. Box 1680
Pineville, West Virginia 2487
P.O. Box 2587
Charleston, WV 25329
***Counsel for Plaintiff***

*/s/ Charity K. Lawrence*
Charity K. Lawrence, Esq. (WV State Bar #10592)