**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| NICHOLAS HENDRICKS, ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | Case No. _____ |
| ) | |
| CORDIS CORPORATION, a corporation; and ) | *Removed from the Circuit Court of* |
| CARDINAL HEALTH 105, INC., a corporation, ) | *Raleigh County, West Virginia* |
| ) | *Beckley Division* |
| **Defendants.** ) | |
| ) | |
| ) | |

**NOTICE OF REMOVAL OF ACTION PURSUANT**
**TO §§ 1332, 1441, AND 1446 BY DEFENDANTS**
**CORDIS CORPORATION AND CARDINAL HEALTH 105, INC.**

# EXHIBIT A

 (/DEFAULT.ASPX)

Civil

Case Information

Tenth Judicial Circuit of Raleigh County

18-C-415

Judge: ROBERT A. BURNSIDE, JR

NICHOLAS HENRICKS VS. CORDIS CORPORATION

**Plaintiff(s)**

        **Plaintiff Attorney(s)**

HENRICKS, NICHOLAS

        TIMOTHY P. LUPARDUS

**Defendant(s)**

        **Defendant Attorney(s)**

CARDINAL HEALTH 105, INC

CORDIS CORPORATION

        N/A

Date Filed: 09/21/2018

Case Type:

Appealed: 0

Final Order Date: N/A

Statistical Close Date: N/A

| Line | Date | Action / Result |
|------|------|-----------------|
| 0001 | 09/21/2018 | CASE FILED/ ISSUED SUMMONS & COMPLAINT/ MAILED BACK TO ATTORNEY |
| 0002 | | FOR SERVICE. AP (LS) |
| 0003 | 10/02/2018 | REC RET OF SERV "ACCEPTED" BY SEC OF STATE ON BEHALF OF |
| 0004 | | CARDINAL HEALTH ON 9/26/18 (AMY) (LS) |
| 0005 | 10/02/2018 | REC RET OF SERV "ACCEPTED" BY SEC OF STATE ON BEHALF OF |
| 0006 | | CORDIS CORPORATION ON 9/26/18 (AMY) (LS) |

These materials have been prepared by the Office of the Clerk of the various Circuit Courts from original sources and data believed to be reliable. The information contained herein, however, has not been independently verified by the Office of the Clerk or Software Computer Group, Incorporated. The Office of the Clerk of the Circuit Courts and Software Computer Group, Inc. assume no liability for the accuracy, completeness, or timeliness of the information contained herein.

Software Computer Group | PO Box 27 | Fraziers Bottom WV 25082

Case 5:18-cv-01388   Document 1-1   Filed 10/26/18   Page 3 of 21 PageID #: 10

 **CT Corporation**

**Service of Process Transmittal**
10/01/2018
CT Log Number 534150894

TO:     Alicia Cautela
        Cardinal Health, Inc.
        7000 Cardinal Pl
        Dublin, OH 43017-1091

RE:     **Process Served in Ohio**

FOR:    Cardinal Health, Inc.  (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | NICHOLAS HENDRICKS, Pltf. vs. CORDIS CORPORATION and CARDINAL HEALTH 105, INC., Dfts. // To: CARDINAL HEALTH<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint |
| **COURT/AGENCY:** | RALEIGH COUNTY - CIRCUIT COURT, WV<br>Case # 18C415B |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Optease Filter |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Columbus, OH |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 10/01/2018 postmarked on 09/27/2018 |
| **JURISDICTION SERVED :** | Ohio |
| **APPEARANCE OR ANSWER DUE:** | Within 30 Days after service of this summons, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Timothy P. Lupardus<br>Lupardus Law office<br>Post Office Box 1680<br>Pineville, WV 24874<br>304-732-0250 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/02/2018, Expected Purge Date: 10/07/2018<br><br>Image SOP<br><br>Email Notification,  Laura Garza  laura.garza@cardinalhealth.com<br><br>Email Notification,  David Orensten  david.orensten@cardinalhealth.com<br><br>Email Notification,  Corey Goldsand  corey.goldsand@cardinalhealth.com<br><br>Email Notification,  Cindy Fricke  cindy.fricke@cardinalhealth.com<br><br>Email Notification,  Joshua Stine  joshua.stine@cardinalhealth.com<br><br>Email Notification,  Alicia Cautela  alicia.cautela@cardinalhealth.com |

Page 1 of  2 / JB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 **CT Corporation**

**Service of Process Transmittal**
10/01/2018
CT Log Number 534150894

**TO:** Alicia Cautela
Cardinal Health, Inc.
7000 Cardinal Pl
Dublin, OH 43017-1091

**RE:** **Process Served in Ohio**

**FOR:** Cardinal Health, Inc.  (Domestic State: OH)

Email Notification,  Mary Donahue  mary.donahue@cardinalhealth.com

**SIGNED:** C T Corporation System
**ADDRESS:** 4400 Easton Commons Way
Suite 125
Columbus, OH 43219
**TELEPHONE:** 617-531-5859

Page 2 of  2 / JB

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

CERTIFIED MAIL

U.S. POSTAGE ≫ PITNEY BOWES

ZIP 25311   $ 006.37⁰
02  4W
0000336774 SEP  27  2018

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0002 3934 86

CARDINAL HEALTH
CT CORPORATION SYSTEM
4400 EASTON COMMONS WAY
SUITE 125
COLUMBUS, OH 43219



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

| | |
|---|---|
| **Control Number:** 226196 | **Agent:** CT CORPORATION SYSTEM |
| **Defendant:** CARDINAL HEALTH<br>4400 EASTON COMMONS WAY<br>SUITE 125<br>COLUMBUS, OH 43219 US | **County:** Raleigh |
| | **Civil Action:** 18-C-415 |
| | **Certified Number:** 92148901125134100002393486 |
| | **Service Date:** 9/26/2018 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your unauthorized foreign corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your unauthorized foreign corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

Circuit Court of Raleigh  County, West Virginia

Civil Action No. 1̲8̲C̲-̲ 4̲/̲5̲7̲3̲

**NICHOLAS HENDRICKS**

Plaintiff

v.                                          SUMMONS

**CORDIS CORPORATION and
CARDINAL HEALTH 105, INC.,**

Defendant

**To:   *CARDINAL HEALTH***
*CT Corporation System*
*4400 Eastern Commons Way*
*Suite 125*
*Columbus, Ohio 43219*

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and
required to serve upon Timothy P. Lupardus, plaintiff's attorney, whose address is
P.O. Box 1680 Pineville, West Virginia 24874, an answer, including any related counterclaim
you may have, to the complaint filed against you in the above-styled civil action, a true copy of
which is herewith delivered to you.  You are required to serve your answer within 30 days after
service of this summons upon you, exclusive of the day of service.  If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint and you
will be thereafter barred from asserting in another action any claim you may have which must be
asserted by counterclaim in the above-styled action.

Date: _____09·21-18_____

Paulo H. Flanagan
Clerk of the Court

RECEIVED AND FILED

RALEIGH COUNTY

SEP 21 2...

PAUL H. FL...

CIRCUIT CLERK

**IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA**

NICHOLAS HENDRICKS,                                          **PLAINTIFF,**

v.                                   CIVIL ACTION NO.: 18-C-415-B

CORDIS CORPORATION and
CARDINAL HEALTH 105, INC.,                          **DEFENDANTS.**

---

**PLAINTIFF'S COMPLAINT AT LAW FOR MONEY DAMAGES AND
DEMAND FOR JURY TRIAL**

---

Plaintiff, Nicholas Hendricks, (hereinafter "Plaintiff"), by and through his undersigned attorney, files this, Complaint at Law for Money Damages and Demand for Jury Trial against the Defendant, Cordis Corporation and alleges as follows:

1.      This is an action for damages relating to the "Defendants' development, testing, assembly, manufacturing, packaging, labeling, preparing, distribution, marketing, supplying, and/or selling the defective product sold under the name "Optease Retrievable Vena Cava Filter®" (hereinafter "Optease® Filter").

### 1. THE PARTIES

2.      Plaintiff's date of birth is 08/16/1994. At all times relevant to this action, Plaintiff was domiciled and resided and continues to be domiciled and reside at Lynco, West Virginia, and is a citizen of Wyoming County, West Virginia.

3.      Defendant Cordis Corporation is an Ohio corporation with a principal place of business located in Bentleyville, Ohio 43017, Defendant Cordis Corporation regularly conducts business in the state of Ohio, and has as its agent for service of

1

process, Jonathan Slain, 13 Orange Street, Chagrin Falls, Ohio 44022.

4.     Cardinal Health 105, Inc., is an Ohio corporation with a principal place of business located in Dublin, Ohio, Defendant Cardinal Health105, Inc. regularly conducts business in the state of Ohio, and has as its agent for service of process, CT Corporation System, 4400 Eastern Commons Way, Suite 125, Columbus, Ohio 43219.

5.     Hereinafter, each of the above Defendants shall be collectively referred to as "Defendants".

6.     Defendants develop, manufacture, sell and distribute medical devices for use in various medical applications including endovascular cardiology, and surgical products throughout the United States and around the world. Defendants' products include the Optease Retrievable Vena Cava Filter®, which are used for the prevention of recurrent pulmonary embolism via placement in the vena cava.

## 11. STATEMENT OF VENUE AND JURISDICTION

7.     Jurisdiction is proper in the this Court under the amount in controversy exceeds this Court's minimum jurisdictional requirement.

8.     Venue is proper in this Court as a substantial part of the events or omissions giving rise to the claim occurred within this judicial district and the Defendants regularly conduct business in this county as their products are sold through and utilized by the medical professionals here.

## III. FACTUAL BACKGROUND

9. Defendants designed, researched, developed, manufactured, tested, marketed, advertised, promoted, distributed, and sold products such as Optease® Filters that are sold to and marketed as a temporary/retrievable device to prevent, among other things, recurrent pulmonary embolism via placement in the vena cava. One such Defendants' product, the Optease® Filter, is introduced into the vena cava via a 7 or 8.5 French coaxial introducer sheath system, depending on the insertion location: femoral or jugular.

10. The Optease® Filter Set is collectively referred to herein as the Optease Filter.

11. Defendants sought Food and Drug Administration ("FDA") approval to market the Optease Filter Devise and/or its components under section 510(k) of the Medical Device Amendment.

12. Section 510(k) allows marketing of medical devices if the device is deemed substantially equivalent to other legally marketed predicate devices without formal review for the safety and efficacy of the said device.

13. An Optease® Filter, like the Optease® Filter, is a device designed to filter blood clots (called "thombi") that would otherwise travel from the lower portions of the body to the heart and lungs. Optease® Filters may be designed to be implanted, either temporarily or permanently, within the vena cava.

14. The inferior vena cava is a vein that returns blood to the heart from the lower portion of the body. In certain people, and for various reasons, thrombi travel form vessels in the legs and pelvis, through the vena cava into the lungs. Often these thrombi

3

develop in the deep leg veins. The thrombi as called "deep vein thrombosis" or DVT. Once the thrombi reach the lungs they are considered "pulmonary emboli" or PE. PE presents a grave risk to human life and often results in death.

15.     A vena cava filter, like the Optease® Filter, is designed to prevent thromboembolic events by filtering or preventing blood clots/thrombi from traveling to the heart and/or lungs.

16.     The Optease® Filter was sold and marketed as a temporary/ retrievable filter, and based on the Optease® Filter, which is a permanent filter.

17.     The Optease® Filter has four (4) anchoring struts for fixation and eight (8) independent secondary struts to improve self-centering and clot trapping.

18.     On or about 05/29/2009, Plaintiff was implanted with an Optease® filter known as the Optease® Filter which was designed, manufactured, marketed, distributed and sold by Cordis Corporation.

19.     Plaintiff believes and thereupon alleges that following placement of the Optease® filter, he was instructed by his physician that the Optease® filter would be left in for one week and the removed as an outpatient. On 06/04/2009, Plaintiff underwent a procedure to remove the Optease® filter. The procedure had to be terminated due to the migration inferiorly of the Optease® filter. A consultation was placed with a physician at the Charleston Area Medical Center for possible transfer for Optease® filter removal. Plaintiff thereby had to undergo a second surgery and incurred additional medical costs due to the migration of the Optease® filter.

20.     At all times relevant hereto, the Optease® Filter was widely advertised and promoted by the Defendants as a safe and effective treatment for prevention of recurrent

4

pulmonary embolism via placement in the vena cava as a temporary/retrievable device.

21.    At all times relevant hereto, Defendants knew their Optease® Filter was defective and knew that defect was attributable to the design's failure to withstand the normal anatomical and physiological loading cycles exerted *in vivo.*

22.    The Defendants failed to disclose to physicians, patients, or Plaintiff that its Optease® Filter was subject to not being removed/retrieved once the risk for pulmonary emboli has passed, thus placing patients at risk for injury due to breakage and migration or risk of perforation and damage to the vena cava wall.  These patients also require lifetime anticoagulation medication(s) and are at high risk for hemorrhage.

23.    At all time relevant hereto, the Defendants continued to promote the Optease® Filter as safe and effective even though the clinical trials that had been performed were not adequate to support long or short term efficacy.

24.    The Defendants concealed the known risks and failed to warn of known or scientifically knowable dangers and risks associated with the Optease® Filter, as aforesaid.

25.    The Optease® Filter is constructed of conichrome.

27.    The Defendants specifically advertise the conichrome construction of the filter as a frame which "reduces the risk of fracture."

28.    The failure of the Optease® Filter is attributable, in part, to the fact that the Optease® Filter suffers from a design defect causing it to be unable to withstand the normal anatomical and physiological loading cycles exerted *in vivo.*

29.    At all times relevant hereto the Defendants failed to provide sufficient

5

warnings and instructions that would have put the Plaintiff and the general public on notice of the dangers and adverse effects caused by implantation of the Optease® Filter, including, but not limited to the design's failure to withstand the normal anatomical and physiological loading cycles exerted *in vivo* and the possibility that removal may be difficult and/or impossible without invasive procedures.

30.     The Optease® Filter was designed, manufactured, distributed, sold and/or supplied by the Defendants, and marketed while defective due to the inadequate warnings, instructions, labeling, and/or inadequate testing in light of Defendants' knowledge of the products failure and serious adverse events.

31.     That at all times relevant hereto, the officers and/or directors of the Defendants named herein participated in, authorized and/or directed the production and promotion of the aforementioned products when they knew or should have known of the hazardous and dangerous propensities of the said products, and thereby actively participated in the tortuous conduct that resulted in the injuries suffered by the Plaintiffs.

## IV.  COUNT ONE: STRICT PRODUCT LIABILITY

### (Against Defendants)

32.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs one through thirty-three of Sections, I, II and III of this Complaint as though specifically pled herein.

33.     At all times relevant hereto, the Optease® Filter was dangerous and presented a substantial danger to patients who were implanted with the Optease® Filter

6

and these risks and dangers were known or knowable at the times of distribution and implantation in Plaintiff in 05/29/09. Ordinary consumers would not have recognized the potential risks and dangers posed to patients, because its use was specifically promoted to improve health of such patients. The Optease® Kilter was used by the Plaintiff and his treating physicians in a reasonably foreseeable manner.

34.     The Defendants failed to provide warnings of such risks and dangers to the Plaintiff and his medical providers as described herein.

35.     As a direct and proximate result of the Optease® Filter's defects, as described herein, Plaintiff suffered significant and severe injuries to his body resulting in significant expenses for medical treatment, as well as incurred a substantial loss of earnings, as well as non-economic damages.

## V.  **COUNT TWO: NEGLIGENCE**

36.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs one through thirty-seven of the Complaint as though specifically pled herein.

37.     At all times relevant to this cause of action, the Defendants were in the business of designing, developing, manufacturing, marketing and selling sophisticated medical devices, including the Optease® Filter.

38.     At all times relevant hereto, the Cordis Corporation was under a duty to act reasonably to design, develop, manufacture, market and sell a product that did not present a risk of harm or injury to the Plaintiff and to those people receiving the Optease® Filter.

7

39.     At the time of the manufacture and sale of the Optease® Filter, the Cordis Corporation knew or reasonably should have known the Optease® Filter:

    a.    Was designed and manufactured in such a manner so as to present an unreasonable risk of fracture of portions of the device.

    b.    Was designed and manufactured so as to present an unreasonable risk of migration of the device and/or portions of the device.

    c.    Was designed and manufactured to have unreasonable and insufficient strength or structural integrity to withstand normal placement within the human body; and/or,

    d.    Was designed and manufactured so as to present an unreasonable risk of perforation and damage to the vena cava wall.

40.     Despite the aforementioned duty on the part of Cordis Corporation they committed one or more breaches of the duty of reasonable care and were negligent in:

    a.    Unreasonably and carelessly failing to properly warn of dangers and risks of harm associated with the Optease® Filter, specifically its incidents of fracture, migration, perforation and other failure;

    b.    Unreasonably and carelessly manufactured a product that was insufficient in strength of structural integrity to withstand the foreseeable use of normal placement within the human body;

    c.    Unreasonably and carelessly designed a product that was insufficient in strength or structural integrity to withstand the foreseeable use of normal placement within the human body;

8

d.  Unreasonably and carelessly designed a product that presented a risk of
    harm to the Plaintiff and others similarly situated in that it was prone to
    fail.

41.  As a direct and proximate cause of the Optease® filter's defects, as
described herein, Plaintiff, suffered significant and severe injuries to his body resulting in
significant expenses for medical treatment, as well as incurred a substantial loss of
earnings, as well as non-economic damages.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants and
hereby prays that the Court enter an Order finding that Defendants, are strictly liable to
your Plaintiff for all injuries and additional medical costs proximately caused by the
defective product, or for all injuries proximately caused by the Defendants' negligence,
fraud, breach of warranty or other wrongful conduct, said damages including but not
being limited to:

1.  Plaintiff's transfer to Charleston Area Medical Center;

2.  Plaintiff's having to undergo and second surgery precipitated by the
    migration of the Optease® Filter;

2.  Additional medical costs incurred due to hospitalization at Charleston
    Area Medical Center and the subsequent surgery;

3.  Punitive damages as are appropriate against the Defendants upon the trial
    of this action to punish and/or discourage behavior.

5.  Altogether with pre-judgement and post-judgement interest, along with
    attorney fees and such costs as may be assigned against the Defendants.

9

**PLAINTIFF DEMAND A TRIAL BY JURY**

NICHOLAS HENDRICKS,
BY COUNSEL

TIMOTHY P. LUPARDUS ESQ.  # 6252
LUPARDUS LAW OFFICE
Post Office Box 1680
Pineville, West Virginia 24874
Phone 304-732-0250
Fax      304-732-0252
Email: tim@luparduslaw.com


(http://www.sos.wv.gov)

Home (http://www.sos.wv.gov/pages/default.aspx) | Business4WV (http://www.business4wv.com/b4wvpublic/) |
News Center (/news/Pages/default.aspx) | ⬛ (http://www.facebook.com/wvsos) 🔹
(http://twitter.com/wvsosoffice) 🔶 (http://www.sos.wv.gov/_layouts/feed.aspx?
xsl=1&web=%2Fnews&page=26402023-f08d-441f-9bbd-5690559009d1&wp=d963eb34-2126-4d12-bf9a-
8c46be406e7e)

Secretary of State (http://www.sos.wv.gov/Pages/default.aspx) > Business and Licensing
(https://sos.wv.gov/business/Pages/default.aspx) > Service of process search (/business/service-of-process/) >
Defendant details

# Defendant details

**Civil action #**

18-C-415 (/business/service-of-process/Home/Search?CivilActionNumber=18-C-415)

**Defendant**

CORDIS CORPORATION (/business/service-of-process/Home/Search?
DefendantName=CORDIS%20CORPORATION%20)

**Agent**

JONATHAN SLAIN

**Country**

US - UNITED STATES

**County**

Raleigh

**Service date**

Wednesday, September 26, 2018

**Certified number**

92148901125134100002393479

**Delivery date**

Friday, October 5, 2018

**USPS status**

DELIVERED LEFT WITH INDIVIDUAL [details] (/business/service-of-process/Home/USPSStatusDetails/226195)

**City/State/Zip**

CHAGRIN FALLS , OH 44022

**Was delivered**

Yes

**Signature image**

View image (/business/service-of-process/Home/ViewImage/32e9335a-e1ca-e811-9563-00155d5a2b3c)

---

Please note: USPS requires a signature whenever certified mail is returned to sender. When mail from the Secretary of State is returned, it is processed and signed by the state's central mailing office. If your mail was intended for a private entity (that is, anyone other than a state officer or agency) and the signature below is that of **Adam Robinson, Central Mailing Office, Danny Pauley, Jim Carter, Ronald Kushner or State of West Virginia**, then your mail was *NOT DELIVERED* and will be returned to the clerk of the appropriate court.

Home (http://www.sos.wv.gov/pages/default.aspx) | Contact Us (https://sos.wv.gov/Pages/contact.aspx) | Site Map (http://www.sos.wv.gov/Pages/sitemap.aspx) | Disclaimer (http://www.sos.wv.gov/Pages/content-disclaimer.aspx)

 (http://www.wv.gov)      Privacy, Security

State Agency Directory (http://www.wv.gov/Pages/agencies.aspx) | Online Services (http://apps.sos.wv.gov)

**POSTAL SERVICE**™

Date Produced: 10/08/2018

WEST VIRGINIA SECRETARY OF STATE:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 1251 3410 0002 3934 79. Our records indicate that this item was delivered on 10/05/2018 at 01:22 p.m. in CHAGRIN FALLS, OH 44022. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number:           239347