IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

NICHOLAS HENDRICKS,

        Plaintiff,

v.                              CIVIL ACTION NO. 5:18-cv-01388

CORDIS CORPORATION,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendant Cordis Corporation's Motion to Dismiss* (Document 6) and *Memorandum of Law in Support of Defendant Cordis Corporation's Motion to Dismiss* (Document 7) together with the *Plaintiff's Complaint at Law for Money Damages and Demand for Jury Trial* (Document 1-1). For the reasons stated herein, the Court finds that the motion to dismiss should be granted.

**FACTUAL ALLEGATIONS**

The Plaintiff, Nicholas Hendricks, born on August 16, 1994, initiated this lawsuit with the filing of a complaint in the Circuit Court of Raleigh County, West Virginia, on September 21, 2018. The matter was removed to this Court on October 26, 2018, based on diversity jurisdiction.

The Plaintiff alleges that on May 29, 2009, he was implanted with an OptEase Filter, which was designed, researched, developed, manufactured, tested, marketed, advertised, promoted, distributed and sold by the Defendants, as a temporary/retrievable device to prevent, among other things, recurrent pulmonary embolism via placement in the vena cava. (Comp. Paragraphs 9, 18).

The Plaintiff was told by his physician that the filter would be left in for one week and removed in an outpatient procedure. On June 4, 2009, the Plaintiff underwent a procedure to remove the OptEase Filter, but that procedure had to be terminated because of the migration inferiorly of the filter. The Plaintiff claims that the OptEase Filter was defective and that the Defendants failed to warn and disclose to physicians and patients that the filter was subject to not being removed or retrieved, which placed patients at risk of injury due to breakage and migration or risk of perforation and damage to the vena cava wall. (Comp. Paragraphs 19, 22). The Plaintiff asserted claims of strict product liability and negligence.

The Defendant, Cordis, filed its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the memorandum in support of the motion on November 14, 2018. To date, the Plaintiff has not filed a response. The matter is overripe for ruling.

**STANDARD OF REVIEW**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

# DISCUSSION

The Defendant argues that the Plaintiff's claims are subject to West Virginia's two-year statute of limitations for personal injury and are, therefore, barred. Assuming the allegations of the complaint to be true, the Plaintiff was born on August 16, 1994, and was fourteen (14) years old on June 4, 2009, when he underwent the procedure to remove the OptEase Filter. He alleges that due to the defective condition of the filter, the procedure was terminated and he was required to undergo a second procedure. No date for the second procedure is alleged.

In West Virginia, an action for personal injury for which no limitation is otherwise prescribed must be brought "within two years next after the right to bring the same shall have accrued." W.Va. Code § 55-2-12(b). West Virginia applies the two-year statute of limitations to both strict product liability and negligence claims (See *Fugate v. Borg Textile Corp* 881 F.2d 1069 (4th Cir. 1989)). Generally, the statute of limitations begins to run when the tort occurs.

> "In those instances where the patient is immediately aware that something went wrong, the statute of limitations begins to run upon the plaintiff's awareness of adverse results of medical treatment. In such cases… the statute of limitations starts running with the plaintiff's knowledge of the fact that something went wrong and not his awareness of "the precise act of malpractice""

*McCoy v. Miller*, 578 S.E.2d 355, 360 (W.Va. 2003)

However, West Virginia also recognizes the "discovery rule" under which the statute of limitations is tolled "until a claimant knows or by reasonable diligence should know of his claim". *Merrill v. West Virginia Department of Health & Human Resources*, 219 W.Va. 151, 632 S.E.2d 307 (W.Va. 2006). This rule tolls the statute of limitation where a plaintiff is prevented from recognizing that he has sustained an injury. *Gaither v. City Hospital, Inc.* 487 S.E.2d 901, 906 (W.Va. 1997). Lastly, when the plaintiff is a minor at the time the tort occurs, the statute of limitations does not begin to run until he reaches the age of eighteen (18). W.Va. Code §55-2-15

Assuming the allegations of the complaint to be true, Plaintiff Hendricks' "tort" occurred on June 4, 2009, when the initial procedure to remove the OptEase Filter was terminated due to its "defective" condition. Nothing alleged in the complaint indicates that the Plaintiff did not know or by the exercise of reasonable diligence would not have known of his "injury" on June 4, 2009 when the filter was not removed, as he and his physician had anticipated, and he was forced to undergo a second procedure. Had he been an adult, the statute of limitations would have begun to run. However, since he was only fourteen (14) years old at the time, the statute of limitations on his claims was tolled and did not begin to run until his eighteenth birthday on August 16, 2012.

Under West Virginia law, the statute of limitations expired on August 17, 2014, two years after Plaintiff's eighteenth birthday. The Plaintiff filed his complaint on September 21, 2018, more than four years after the limitations period. His claims are, therefore, time barred.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendant Cordis Corporation's Motion to Dismiss* (Document 6) be **GRANTED** and that this matter be **DISMISSED** and **STRICKEN** from the docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: July 1, 2019

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA